IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 06-0488 (RMU) |
| ARCHITECTURAL SOUTHWEST STONE COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs, by their attorneys, and in accordance with Federal Rule of Civil Procedure

55(b)(2), move this Court to enter a default judgment in favor of the Plaintiffs and against

Defendant in the amount of $18,492.44 on the ground that default has been entered against

Defendant for failure to answer the Complaint of Plaintiffs. This motion is supported by the

Declarations of David F. Stupar, attached hereto as Exhibit A, and Ira R. Mitzner, attached

hereto as Exhibit B. The certificate of the Clerk of this Court declaring Defendant in default is

attached hereto as Exhibit C. A copy of the Complaint filed by Plaintiffs is attached hereto as

Exhibit D.

DSMDB-2121346v01

## FACTS

Plaintiffs, John Flynn, et al., filed the Complaint in this case on March 15, 2006. Defendant was served with the Summons and Complaint on April 12, 2006 and has failed to file an Answer to the Complaint. On June 8, 2006, the Clerk of this Court declared Architectural Southwest Stone Company LLC in default.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default and "the party entitled to a judgment by default shall apply to the court therefor." Defendant has failed to answer the Complaint, default has been entered by the Clerk, and Plaintiffs are entitled to judgment. Accordingly, Plaintiffs' motion for a default judgment should be granted. *See, e.g., Trustees of the Local 306, United Ass'n. Health & Welfare Fund v. Am. Testing & Inspection, Inc.*, No-88-2274-OG, 1988 WL 134942, *1 (D. D.C. Nov. 30, 1988) (entering default judgment where "defendant has failed to respond at any step of these proceedings or otherwise enter an appearance"); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990) (affirming entry of default judgment as "[n]either the text of the Federal Rules, nor judicial interpretation placed in the rules by the Federal Courts contemplate that a party may totally ignore pleadings and notices it receives").

DSMDB-2121346v01

## CONCLUSION

For the foregoing reasons, a default judgment in favor of Plaintiffs and against

Defendant in the amount of $18,492.44 should be entered.

Date: _August 30_ , 2006          Respectfully submitted,

                                  By _____

                                  Ira R. Mitzner (D.C. Bar No. 184564)
                                  DICKSTEIN SHAPIRO LLP
                                   1825 Eye Street, N.W.
                                  Washington, DC  20006
                                  (202) 420-2234

                                  Counsel for Plaintiffs

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Entry of Default Judgment was served by first class mail, postage prepaid, this 30ᵗʰ day of August 2006, upon:

Kelli Goers
Architectural Southwest Stone LLC
27599 Schoolcraft Road
Livonia, MI  48150

_Andrea Newell_
Andrea Newell