UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN FLYNN *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-0488 (RMU) |
| | : | | |
| v. | : | Document No.: | 7 |
| | : | | |
| ARCHITECTURAL SOUTHWEST | : | | |
| STONE COMPANY, LLC | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM ORDER AND JUDGMENT

#### GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

### I. INTRODUCTION

This matter comes before the court on the plaintiffs' motion for default judgment. The plaintiffs, fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), bring suit against the defendant pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, for delinquent contributions, interest and legal fees. Specifically, the plaintiffs seek to recover $18,492.44 in total damages. The plaintiffs allege that the defendant is obligated to make certain payments to the plaintiffs in accordance with collective bargaining agreements executed by both parties. The plaintiffs further allege that the defendant failed to make the required payments in October 2002 through December 2004.

The plaintiffs served the defendant with the complaint on April 12, 2006. The defendant failed to respond, and the Clerk of the Court entered default on June 8, 2006. Subsequently the plaintiffs moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). On September 15, 2006, the court issued an order directing the defendant to show cause by

September 29, 2006 as to why the court should not grant the plaintiffs' motion for default judgment. The defendant has not responded.

## II. ANALYSIS

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health

*Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

    The complaint sets forth a *prima facie* case for relief. Because the defendant has not responded to the complaint or motion for default judgment, the court concludes that the defendant has failed to defend its case. *Keegel*, 627 F.2d at 375 n.5. Accordingly, the court enters default judgment in favor of the plaintiffs. *Id.*

    Turning to the issue of damages, the plaintiffs have produced an affidavit from Mr. David Stupar, Executive Director of the IFP. Pl.'s Mot., Ex. A. The plaintiffs' affidavit establishes that the defendant has failed to pay the plaintiffs $9,023.90 in delinquent contributions and dues, $796.29 in interest, $1,811.13 in liquidated damages, and that the plaintiffs have incurred $12,861.12 legal fees and costs. *Id.* The plaintiff's affidavit also establishes that the defendants

have already paid $6,000 of the unpaid amounts. *Id.* In total, the plaintiffs are entitled to recover the unpaid amount of $18,492.44 pursuant to 29 U.S.C. §§ 1132(g)(2)(A), (g)(2)(B), (g)(2)(C)(I), g(2)(D) and the collective bargaining agreements. The court has no contrary information regarding the amount or availability of the requested damages. Because the evidence supports the plaintiffs' claims for damages, attorney's fees, expenses and costs, the court concludes that the damages, attorney's fees, expenses and costs specified in the plaintiffs' motion for default judgment are warranted. *Transatlantic Marine*, 109 F.3d at 111.

Accordingly, it is this 15th day of November, 2006,

**ORDERED** that the plaintiffs' motion for default judgment is **GRANTED**, and it is

**FURTHER ORDERED** that judgment is entered against the defendant, in the amount of $18,492.44 which represents: (1) $9,023.90 in delinquent contributions and dues; (2) $796.29 in interest; (3) $1,811.13 in liquidated damages; and (4) $12,861.12 in attorney's fees and costs; minus the $6,000 that the defendants have already paid; and it is

**ORDERED** that the defendant shall submit all monthly reports and contributions that may come due to the plaintiffs subsequent to the filing of this judgment, and it is

**FURTHER ORDERED** that this judgment does not prejudice the plaintiffs' rights to seek recovery of any additional past or future delinquencies, interest, damages and reasonable attorney's fees and costs that the defendant may owe to the plaintiffs.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　RICARDO M. URBINA
　　　　　　　　　　　　　　　　　　　　United States District Judge